IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



FILED
2015 JUN 30  AM 9: 44

| | |
|---|---|
| **LINDSEY KENT SPRINGER,** § | |
| Reg. No. 02580-063, § | |
| Petitioner, § | |
| § | EP-15-CV-191-FM |
| v. § | |
| § | |
| **J. S. WILLIS, Warden,** § | |
| Respondent. § | |

## DISMISSAL ORDER

This matter is before the Court on Petitioner Lindsey Kent Springer's second[1] *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1-1).[2] In his petition, Springer, a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[3] challenges the sentences imposed on him by the United States District Court for the Northern District of Oklahoma after a jury found him guilty of tax evasion.[4] After reviewing the record and for the reasons discussed below, the Court will *sua sponte* dismiss Springer's petition, pursuant to 28 U.S.C. § 2243.[5]

---

[1] *See Springer v. Chapa*, EP-14-CV-115-PRM, 2014 WL 2032439 (W.D. Tex. Apr. 10, 2014), *order am. on recons.*, 2014 WL 2112186 (W.D. Tex. May 1, 2014), *aff'd*, No. 14-50561, 2015 WL 3878411 (5th Cir. June 24, 2015).

[2] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[3] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[4] *United States v. Springer*, No. 4:09-CR-43-SPF (N.D. Okla. Mar. 28, 2010), *aff'd*, 444 F. App'x 256 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 2726 (2012).

[5] 28 U.S.C. § 2243 (2006) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause

## FACTUAL AND PROCEDURAL BACKGROUND

Springer, a resident of Creek County, Oklahoma, has made his living by giving anti-tax seminars and creating trusts for taxpayers who wished to shield their assets from the Internal Revenue Service ("IRS"). Moreover, he has not filed a federal tax return since the late 1980's while collecting money in the name of "Bondage Breakers Ministry," an organization with the stated purpose of eliminating the IRS. He has also established an "abusive pattern of filing frivolous or malicious actions and appeals" against the Government and its employees.[6]

On March 10, 2009, a grand jury sitting in the Northern District of Oklahoma, Tulsa Division, returned a six-count indictment charging Springer with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 ("count one"); tax evasion, in violation of 26 U.S.C. § 7201 ("counts two, three, and four"); and failure to file a tax return, in violation of 26 U.S.C. § 7203 ("counts five and six"). After hearing the evidence, a jury found Springer guilty on all counts, and the Court sentenced him to an aggregate term of 180 months' imprisonment followed by three years' supervised release. The Court also ordered Springer to pay $771,529 in restitution. The Tenth Circuit Court of Appeals affirmed the convictions and sentences.[7]

---

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[6] *See Springer v. Internal Revenue Service*, 231 F. App'x 793, 802 (10th Cir. 2007) ("In view of his abusive pattern of filing frivolous or malicious actions and appeals pro se, we must restrict Springer's access to the courts. . . . Springer is ENJOINED from proceeding in this court as a petitioner in an original proceeding or as an appellant in a civil matter . . . unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se.").

[7] *United States v. Springer*, 444 F. App'x 256 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 2726 (2012).

Springer next filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. In his § 2255 motion, Springer noted the Supreme Court had held in *Kawashima v. Holder*—after the Tenth Circuit entered its decision in his case—that "§ 7201 includes two offenses: 'the offense of willfully attempting to evade or defeat the *assessment* of a tax as well as the offense of willfully attempting to evade or defeat the *payment* of a tax.' "[8] Springer claimed the indictment in his case "alleged conduct of attempting to evade assessment in Counts Two, Three, and Four, but the Government switched these Counts to evasion of payment."[9] He added the trial court then erroneously instructed the jury on evasion of payment.[10] Thus, he argued, the trial court "violated [his] Fifth Amendment Right to a Grand Jury making the charges and [his] Sixth Amendment right to know the nature and accusations of the charges, as well as the Sixth Amendment Right to have a jury trial to determine the truth of the Grand Jury's charges."[11] The trial court found this claim lacked merit, and, after reviewing Springer's other claims, denied him § 2255 relief.[12] The Tenth Circuit then denied Springer a certificate of appealability.[13]

---

[8] Pet'r's Pet 56, ECF No. 1-1, June 22, 2014 (citing *Kawashima v. Holder*, 132 S.Ct. 1166, 1175 (2012) (quoting *Sansone v. United States*, 380 U.S. 343, 354 (1965) (emphasis in original)).

[9] *Id.*

[10] *Id.*

[11] *Id.* at 5.

[12] *Id.* at 50 (Order, Aug. 22, 2014); J., *United States v. Springer*, 4:09-CR-43, 4:13-CV-145 (N.D. Okla. Aug. 22, 2014).

[13] *United States v. Springer*, No. 14-5109 (10th Cir. Feb. 25, 2015).

In his instant petition, Springer once again attacks "the validity of the conviction, sentence, and judgment, as to Counts 2, 3, and 4" of the indictment, which allege that he willfully attempted to evade and defeat the individual income taxes he owed in 2000, 2003, and 2005, in violation of 26 U.S.C. § 7201.[14]  He maintains the trial court misunderstood that § 7201 proscribed two distinct crimes, and while the grand jury indicted him on one of these crimes, the trial court instructed the jury on the other:

> As the numerous jury instructions repeat over and over again, the crime they were instructed to find beyond a reasonable doubt in Counts 2, 3, and 4, that Petitioner willfully attempted to evade and defeat the payment of the individual income tax.  However, as the Grand Jury's words in Count 2, 3, and 4 clearly show, Petitioner was indicted for willfully attempting to evade and defeat the individual income taxes imposed for years 2000, 2003, and 2005.[15]

He asks the Court to intervene in his behalf, invalidate his convictions on counts two, three and four, and order his immediate release from prison.[16]

## LEGAL STANDARD

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[17]  To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[18]  A § 2241 petitioner may make this attack

---

[14] Pet'r's Pet. 4, ECF No. 1-1, June 22, 2015.

[15] *Id.* at 29–30.

[16] *Id.* at 41.

[17] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[18] 28 U.S.C. § 2241(c) (2012).

only in the district court with jurisdiction over his custodian.[19] By contrast, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 " 'provides the primary means of collateral attack on a federal sentence.' "[20] Thus, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[21] A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[22]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules. It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[23] Furthermore, a petitioner must satisfy a two-prong test before he may invoke the "savings clause"

---

[19] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[20] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[21] *See Cox,* 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under§ 2255).

[22] *Pack*, 218 F.3d at 452.

[23] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241.

> [T]he savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[24]

Thus, three issues are relevant analytically. First, there must be a Supreme Court decision with retroactive effect. Second, the Supreme Court decision must establish that the § 2241 petitioner may have been convicted of a nonexistent offense. Third, the petitioner's claim must have been precluded by established circuit law at the time of petitioner's trial, appeal or first § 2255 motion. A petitioner must prove all three elements to successfully invoke the savings clause.[25] Accordingly, "§ 2241 is not a mere substitute for § 2255," and a petitioner bears the burden of meeting the "stringent" requirement that the § 2255 remedy is "inadequate or ineffective."[26]

With these principles in mind, the Court turns to Springer's claims.

## ANALYSIS

In his petition, Springer attacks his sentences for tax evasion. As discussed above, a § 2255 motion, not a § 2241 petition, "'provides the primary means of collateral attack on a federal sentence.'"[27] A petitioner may proceed with an attack on the validity of a sentence in a §

---

[24] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Springer v. Chapa*, No. 14-50561, 2015 WL 3878411 (5th Cir. Jun. 24, 2015).

[25] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[26] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[27] *Pack*, 218 F.3d at 451 (quoting *Cox*, 911 F.2d at 1113).

2241 petition *only* if he can meet the stringent requirements of the § 2255(e) "savings clause."[28]

Springer noted the Supreme Court held in *Kawashima v. Holder*—after the Tenth Circuit entered its decision in his case—that "§ 7201 includes two offenses: 'the offense of willfully attempting to evade or defeat the *assessment* of a tax as well as the offense of willfully attempting to evade or defeat the *payment* of a tax.' "[29] However, *Kawashima* merely quoted *Sansone v. United States*, which the Supreme Court decided in 1965—well before the Tenth Circuit entered its decision in his case. Thus, there was no Supreme Court decision with retroactive effect on his claim, and his claim was not precluded by established circuit law at the time of his trial, appeal, or first § 2255 motion. Moreover, every court which has reviewed this claim has rejected it as without merit.

Springer has not shown that § 2255 is inadequate to challenge his detention. He merely disagrees with the conclusion of the trial court concerning his claim. Thus, it appears from the face of Springer's application that he does not meet the criteria for relief under the "savings clause."[30]

## CONCLUSION AND ORDERS

Accordingly, the Court concludes that it does not have the subject-matter jurisdiction necessary to grant Springer § 2241 relief. Therefore, the Court enters the following orders:

**IT IS ORDERED** that Springer's *pro se* for a writ of habeas corpus pursuant to 28

---

[28] *Kinder*, 222 F.3d at 212 (emphasis added).

[29] *Kawashima v. Holder*, 132 S.Ct. 1166, 1175 (2012) (quoting *Sansone v. United States*, 380 U.S. 343, 354 (1965) (emphasis in original)).

[30] *Pack*, 218 F.3d at 452.

U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this ___30___ day of June 2015.

                                                      **FRANK MONTALVO**
                                                      **UNITED STATES DISTRICT JUDGE**