IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LINDSEY KENT SPRINGER,

    Petitioner,

v.                       EP-15-CV-191-FM

J.S. Willis, Warden,

    Respondent.

## MOTION TO RECONSIDER

    Lindsey Kent Springer ("Petitioner") moves this Court to reconsider its decision it lacked subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure Rule 59(e), and reinstate Petitioner's Petition for Writ of Habeas Corpus.

    Petitioner appreciates the effort this Court made to characterize the Fifth and Sixth Amendment violations Petitioner asserts. No Court has yet to even identify what the constitutional violations are in a correct manner.

    This Court correctly quoted Kawashima v. Holder, 132 S.Ct. 1166, 1175(2012) where the Supreme Court clarified its Sansone decision was holding that 26 U.S.C. § 7201 prescribed two different crimes. Doc. 3, pg. 7  Petitioner provided this Court with the view of numerous Courts on the meaning of § 7201.

    Petitioner is presently seeking en banc consideration of whether Reyes-Requena v. U.S., 243 F.3d 893, 904(5th Cir. 2001) supsends the Writ of Habeas Corpus, and in direct conflict with both Boumediene v. Bush, 171 L.Ed 2d 41, 83(2008) and U.S. v. Hayman, 342 U.S. 205, 219-223(1952).

1. This Court did not address whether Stephen P. Friot held an erroneous misunderstanding of 26 U.S.C. § 7201 on both whether § 7201 prescribes two crimes and what the difference between those two crimes are.

    First of all, this Court was inconsistent on identifying the two different offenses prescribed by § 7201.  The Court stated Petitioner's claims this way:

1

"the validity of the conviction, sentence, and judgment as to Counts 2, 3, and 4 of the indictment, which alleges <u>that he willfully attempted to evade and defeat the individual income taxes he owed</u> in 2000, 2003, and 2005, in violation of 26 U.S.C. § 7201."

Doc. 3, pg. 4

The correct characterization is:

"that he willfully attempted to evade and defeat the individual income tax imposed for 2000, 2003, and 2005, in violation of 26 U.S.C. § 7201."

There is no § 7201 offense of "willfully attempted to evade and defeat the individual income taxes he owed." As this Court correctly explained:

"§ 7201 includes <u>two</u> offenses: 'the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax.'"

Furthermore, this Court agreed that section 7201 was well known since Sansone for prescribing two crimes. Petitioner correctly alleged, and this Court correctly quoted Petitioner:

"However, as the Grand Jury's words in Count 2, 3, and 4, clearly show, Petitioner was indicted for willfully attempting to evade and defeat the <u>individual income taxes imposed</u> for year 2000, 2003, and 2005."

Doc. 1, pg. 29-30

Once the Court corrects its error in what the § 7201 offense Petitioner alleges he was indicted for, as compared to what the Jury was instructed to convict Petitioner of, then the Court can correctly proceed to determine whether Stephen P. Friot held an erroneous misunderstanding that § 7201 only prescribed one crime, instead of two, and what his erroneous misunderstanding led to in terms of what distinguishes the first § 7201 offense from the second.

There is no question Stephen P. Friot instructed the Jury to the § 7201 offense of evasion of payment, in Counts 2, 3, and 4, to which Petitioner claims actual innocense of anyway.

The Writ of Habeas Corpus "encompassed detentions based on errors of law, including the erroneous application or interpretation of statutes." INS v. Cyr, 533 U.S. 289, 302(2001).

2

No Court, having been asked to address these claims in Petitioner's Petition, has made the proper comparison of the two distinct offenses or how Petitioner was convicted of the one and indicted for the other. Each Court has held an erroneous application and understanding of § 7201. Petitioner showed this Court Stephen P. Friot grossly miscaracterized Petitioner's Fifth and Sixth Amendment Claims in his order dismissing Petitioner's 2255 claims.

Petitioner showed Stephen P. Friot held this erroneous understanding since at least 2006. See U.S. v. Farr, U.S. Dist. Lexis 82702(11.13.06)("tax evasion is a single crime"). Petitioner, this Court held, has not shown § 2255 is inadequate to challenge Petitioner's detention. Doc. 3, pg. 7. However, the Court failed to address whether Stephen P. Friot, in the § 2255 proceeding, held an erroneous misunderstanding and application of § 7201.

Once this Court correctly finds Stephen P. Friot misunderstood the difference between an evasion of the tax imposed, with evasion of the payment, the Court can then make the finding Stephen P. Friot held an erroneous understanding of the fact § 7201 prescribed two different crimes and the distinction between the two. What follows then is that since Stephen P. Friot held a erroneous misunderstanding about § 7201 prescribing two crimes, not one, and what was the difference between the two distinct crimes, this Court can easily find 28 U.S.C. § 2255 proved inadequate and ineffective to test the validity of Petitioner's conviction, sentence, and judgment, as to Counts 2, 3, and 4.

## CONCLUSION

Petitioner respectfully requests this Court enter an order finding Stephen P. Friot held an erroneous misunderstanding that 26 U.S.C. § 7201 prescribed one crime, not two, misunderstood the difference between evasion of the tax imposed, i.e. assessment, and the offense of evasion of payment, and reconsider its order dated June 30, 2015 applying the finding of Stephen P. Friot's misunderstandings resulted in Petitioner not having an adequate

3

and effective procedure to test the validity of Petitioner's conviction, sentence, and Judgment, pursuant to 28 U.S.C. § 2255, reinstating Petitioner's Petition for Writ of Habeas Corpus.

Respectfully Submitted,

Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2015, I mailed First Class Postage Prepaid Petitioner's Motion to Reconsider to the Clerk of Court, 525 Magoffin Ave., Room 105, El Paso, Texas 79901:

I further certify that there are no parties to serve in this case.

Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on July 28, 2015, I deposited the above Motion to Reconsider in the U.S. Mailbox located inside FSL La Tuna to the address listed above.

Declarant

4

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low-LaTuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

EL PASO TX 799

28 JUL 2015 PM 2 L

7960132578

RECEIVED
JUL 30 2015
CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

02580-063
Clerks Of Court
Room 105
525 Magoffin AVE
EL PASO, TX 79901
United States