IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LINDSEY KENT SPRINGER,<br>Reg. No. 02580-063,<br>　　Petitioner,<br><br>v.<br><br>J. S. WILLIS, Warden,<br>　　Respondent. | §<br>§<br>§<br>§　　EP-15-CV-191-FM<br>§<br>§<br>§<br>§ |

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Petitioner Lindsey Kent Springer's "Motion to Reconsider" pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 7). Therein, Springer, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] asks the Court to alter or amend its final judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. For the reasons outlined below, the Court will deny Springer's motion.

In his § 2241 petition, Springer attacked the sentences imposed by the United States District Court for the Northern District of Oklahoma after a jury found him guilty of tax evasion.[2] In its opinion dismissing Springer's motion, the Court first noted that a motion under 28 U.S.C. § 2255—not a petition under 28 U.S.C. § 2241—" 'provide[d] the primary means of collateral

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] *United States v. Springer*, No. 4:09-CR-43-SPF (N.D. Okla. Mar. 28, 2010), *aff'd*, 444 F. App'x 256 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 2726 (2012).

attack on a federal sentence.' "³ The Court then explained a petitioner could proceed with an attack on the validity of a sentence in a § 2241 petition *only* if he could meet the stringent "savings clause" requirements contained in § 2255(e):⁴

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.⁵

In this case, the Court found that Springer had failed to meet the requirements of the savings clause, and that it lacked the jurisdiction to address the merits of his claims.

Federal Rule of Civil Procedure 59(e) permits a party to file "a motion to alter or amend a judgment" within twenty-eight days of a court's entry of final judgment.⁶ "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.' "⁷ Rule 59 does not exist to give a party a "second bite at the apple."⁸ It does not "enable a party to complete presenting his case after the court has ruled against him."⁹ It does not provide a

---

³ *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox*, 911 F.2d at 1113).

⁴ *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (emphasis added).

⁵ *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Springer v. Chapa*, No. 14-50561, 2015 WL 3878411 (5th Cir. Jun. 24, 2015).

⁶ Fed. R. Civ. P. 59(e).

⁷ *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

⁸ *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'—and we in no way depart from that basic principle.").

⁹ *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

"vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[10] Rule 59 does, however, allow a party to " 'call[ ] into question the correctness of a judgment.' "[11] Accordingly, Rule 59(e) permits a court to alter or amend a judgment due to (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.[12] In other words, "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' "[13] Furthermore, a district court has great discretion when considering whether or not to approve a Rule 59(e) motion.[14]

The Court thoroughly addressed Springer's claims and applied binding Fifth Circuit precedent when it dismissed his § 2254 petition. In sum, Springer now merely wants to re-litigate his claims without showing an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent a manifest injustice.

The Court accordingly finds that Springer's motion does not meet the criteria for obtaining Rule 59(e) relief. The Court therefore **DENIES** Springer's motion to reconsider its

---

[10] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

[11] *Id.* at 478 (quoting *In re Transtexas Gas Corp.*, 303 F.3d at 581).

[12] *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[13] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[14] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

dismissal order (ECF No. 7).

    **SO ORDERED.**

    **SIGNED** this ___7___ day of August 2015.

                                                   **FRANK MONTALVO**
                                                   **UNITED STATES DISTRICT JUDGE**