FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LINDSEY KENT SPRINGER, § | | |
| Reg. No. 02580-063, § | | |
| Petitioner, § | | |
| § | | EP-15-CV-191-FM |
| v. § | | |
| § | | |
| J. S. WILLIS, Warden, § | | |
| Respondent. § | | |

## ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Before the Court is Petitioner Lindsey Kent Springer's *pro se* application to proceed *in forma pauperis* (ECF No. 12). Therein, Springer, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas, seeks leave to appeal, without prepaying costs or fees, the Court's dismissal of his second petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]

In his § 2241 petition, Springer attacked the sentences imposed by the United States District Court for the Northern District of Oklahoma after a jury found him guilty of tax evasion.[2] In its opinion dismissing Springer's motion, the Court first noted that a motion under 28 U.S.C. § 2255—not a petition under 28 U.S.C. § 2241—" 'provide[d] the primary means of collateral attack on a federal sentence.' "[3] The Court then explained a petitioner could proceed with an attack on the validity of a sentence in a § 2241 petition *only* if he could meet the stringent

---

[1] *See Springer v. Chapa*, EP-14-CV-115-PRM, 2014 WL 2032439 (W.D.Tex. Apr. 10, 2014), *aff'd*, 608 F.App'x 258 (5th Cir. 2015).

[2] *United States v. Springer*, No. 4:09-CR-43-SPF (N.D. Okla. Mar. 28, 2010), *aff'd*, 444 F. App'x 256 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 2726 (2012).

[3] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox*, 911 F.2d at 1113).

"savings clause" requirements contained in § 2255(e):[4]

> [T]he savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[5]

In this case, the Court found that Springer failed to meet the requirements of the savings clause, and that it lacked the jurisdiction to address the merits of his claims.

To proceed on appeal *in forma pauperis*, a prisoner must be economically eligible and take his appeal in good faith.[6] A prisoner establishes his economic eligibility by submitting a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of his legal action.[7] A prisoner demonstrates his good faith when he seeks appellate review of any nonfrivolous issue, but he need not show probable success on the merits.[8] The reviewing court may only examine whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)."[9]

Springer provides information which supports a conclusion that he is economically eligible to proceed on appeal *in forma pauperis*. However, given the basis for the Court's

---

[4] *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (emphasis added).

[5] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Springer v. Chapa*, No. 14-50561, 2015 WL 3878411 (5th Cir. Jun. 24, 2015).

[6] Fed. R. App. P. 24(a); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

[7] *Cf.* 28 U.S.C. § 1915(a)(2) (2012) (requiring a prisoner seeking to appeal a judgment in a civil action without prepaying fees to file a certified copy of the trust fund account statement).

[8] *Howard*, 707 F. 2d at 220.

[9] *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

dismissal of Springer's petition, which the Court incorporates by reference,[10] it logically follows that his claims on appeal cannot involve legal points arguable on their merits.

Accordingly, after due consideration, the Court enters the following orders:

**IT IS CERTIFIED** that Springer does not take his appeal in good faith.

**IT IS ORDERED** that Springer's *pro se* application to proceed *in forma pauperis* (ECF No. 12) is **DENIED**.[11]

**IT IS FURTHER ORDERED** that the Clerk of the District Court shall immediately notify the Parties and the Fifth Circuit Court of Appeals of this Order, pursuant to Federal Rule of Appellate Procedure 24(a)(4).

**SO ORDERED**.

**SIGNED** on this \_\_\_\_8\_\_\_\_ day of October 2015.

                                                     **FRANK MONTALVO**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[10] *See Baugh v. Taylor*, 117 F. 3d 197, 202 n.21 (5th Cir. 1997) (explaining a district court may incorporate by reference its prior decision when explaining its reasons for certifying an appeal is not taken in good faith).

[11] *But see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("[T]he defendant may seek identical relief from the Court of Appeals.).